**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOE EARL JOHNS,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-452-Y |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Joe Earl Johns, TDCJ # 1193573, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently housed at the Wayne Scott Unit in Angleton, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In April 2003 Johns was charged by indictment in the 372nd District of Tarrant County, Texas, with aggravated assault with a deadly weapon. (State Habeas R. at 41.) The indictment also included a habitual offender notice alleging two previous felony convictions. (*Id.*) On September 12, 2003, a jury found Johns guilty as charged, and the trial court found the habitual offender paragraph true and assessed Johns's punishment at 45 years' confinement, to be served consecutively to Johns's previous 35-year sentence for aggravated robbery. (*Id.* at 42.) The Second Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Johns's petition for discretionary review. *Johns v. Texas*, No. 2-03-370-CR, slip op. (Tex. App.–Fort Worth May 27, 2004) (not designated for publication); *Johns v. Texas*, PDR No. 1256-04. Johns also filed a state application for writ of habeas corpus challenging his conviction and sentence, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. *Ex parte Johns*, Application No. WR-9,541-07, at cover. Johns filed this petition on June 13, 2006.[1]

At trial, the prosecution elicited testimony from Teresa Lankford, who was living with Johns at the time, that on the evening in question, Johns wanted Lankford to obtain some crack cocaine for him on credit. When Lankford refused, Johns pushed her toward the door. Lankford fell and became cornered between the refrigerator and a cabinet. Johns then grabbed an iron off the top of the refrigerator, wrapped the cord around his hand, and struck Lankford with it about the face, back and neck. Lankford pleaded with Johns to stop. When he did stop, he left the apartment. Lankford

---

[1] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

waited and eventually ran out the back side of the apartments to a nearby store and called 911. (4Reporter's R. at 10-38.) Lankford met the responding police officers on the street and reported the assault. She was agitated and bleeding from her right eye but declined medical treatment. She requested that they take her to her father's apartment, where photographs of her injuries were taken. (3Reporter's R. at 20-52.)

### D. ISSUES

In two grounds for relief, Johns complains of ineffective assistance of counsel and trial court error. (Petition at 7-8.)

### E. RULE 5 STATEMENT

Quarterman believes that Johns has sufficiently exhausted his state remedies on the claims presented, except for one of his ineffective assistance claims. (Resp't Answer at 3-6.)

Generally, Johns claims trial counsel was ineffective by (1) failing to object in a timely manner to preserve trial errors, (2) failing to present evidence, (3) failing to present a viable defensive theory, and (4) failing to file various motions. Quarterman argues that Johns's fourth claim is unexhausted and procedurally barred because Johns did not raise the claim in his petition for discretionary review or his state habeas application. (*Id.*)

Under the federal exhaustion requirement, a habeas petitioner must have fairly presented the substance of his federal claim to the highest court of the state. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting the substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant

3

to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2006). Johns raises his fourth claim, as enumerated above, for the first time in this federal petition. Because he did not raise the claim in either his petition for discretionary review or his state habeas application, the claim is unexhausted. (State Habeas R. at 7.) Under the Texas abuse-of-the-writ doctrine, however, Johns cannot now return to state court for purposes of exhausting the claim. *See id.* art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Johns's fourth ineffective-assistance claim is procedurally barred from this court's review. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000).

F.  DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

4

A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *See Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th Cir. 2000); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### 2. Ineffective Assistance of Counsel

Johns complains that trial counsel failed (1) to object to the trial court's denial of a lesser included offense instruction and the trial court's cumulation order, (2) to present evidence found in the offense report supporting a lesser included offense instruction and to present evidence that he had been arrested and held in jail for three months before the charge was upgraded from a misdemeanor to a felony, and (3) to present and argue a viable defensive theory. (Petition at 7 & Pet'r Response at 4-6.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI. To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*,

5

466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697.

In evaluating an ineffective assistance claim, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Strategic choices made by counsel after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690.

After a hearing by affidavit on Johns's ineffective assistance claims, the state habeas court entered findings of fact refuting Johns's allegations and concluded that Johns had failed to prove deficient performance of counsel. (State Habeas R. at 20-22, 25, 27-31, 40.) In turn, the Texas Court of Criminal Appeals denied relief without written order on the findings of the state habeas court. In his federal petition, Johns makes no reference to the state court findings and makes no effort to rebut the presumptive correctness of the findings. *See* 28 U.S.C. § 2254(d)(1); *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002). Nor does an independent review of the state court records reveal clear and convincing evidence that would rebut the presumption of correctness. Thus, applying the appropriate deference to the state habeas court's factual findings, the state courts' adjudication of Johns's ineffective assistance claims is not contrary to or involve an unreasonable application of the *Strickland* standard in light of the record as a whole.

Even if Johns could establish deficient performance, as noted by the state habeas court, he has not shown he was prejudiced as a result of one or more of counsel's acts or omissions. (State Habeas R. at 31.) Assuming the jury believed the prosecution witnesses' testimony, and reconciled

any inconsistencies therein, this evidence, in conjunction with the photographic exhibits, was overwhelming evidence of his guilt at the guilt phase of Johns's trial. *See Leal v. Dretke*, 428 F.3d 543, 552 (5th Cir. 2005); TEX. PENAL CODE ANN. § 22.02(a) (Vernon Supp. 2006). Further, Johns concedes that, under state law, it was within the trial court's discretion at the punishment phase to order Johns to serve his sentence consecutively to his previous felony conviction. (State Habeas R. at 30.) *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon 2006). Thus, counsel's decision to not object to the cumulation order in open court might be considered sound trial strategy. (State Habeas R. at 20.) *See Bell*, 535 U.S. at 698. Counsel is not required to make frivolous or futile objections. *See Meanes v. Johnson*, 138 F.3d 1007, 1012 (5th Cir. 1998); *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997).

### 3. Trial Court Error

Johns claims the state trial court was biased against him and abused its discretion by imposing a consecutive sentence, rather than a concurrent sentence, that does not fit the crime and constitutes cruel and unusual punishment. (Petition at 7; Pet'r Memorandum at 5-8.) The record does not support Johns's claim of trial court prejudice, and the 45-year sentence was not so disproportionate to the severity of the offense committed, given Johns's criminal history, as to constitute cruel and unusual punishment. *See Rummel v. Estelle*, 445 U.S. 263, 271-85 (1980). Finally, cumulative sentencing by a state trial court concerns state criminal procedure and does not fall within the purview of federal habeas review. *See Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996); *Johnson v. Beto*, 383 F.2d 197, 198 (5th Cir. 1967). As noted above, it was within the trial court's discretion under Texas law to assess a consecutive sentence and the sentence is within the statutory range of punishment under the state's recidivist statute. *See* TEX. PENAL CODE ANN. §

7

12.42(d) (Vernon Supp. 2006).

## II.  RECOMMENDATION

Johns's petition for writ of habeas corpus should be DENIED.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 3, 2007.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 3, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July  13 , 2007.

                                               /s/ Charles Bleil
                                              CHARLES BLEIL
                                              UNITED STATES MAGISTRATE JUDGE